## UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

| | | |
|---|---|---|
| LINDA MEDLEY, | ) | CASE NO. _____ |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| DISH NETWORK L.L.C., | ) | |
| | ) | |
| Defendant. | ) | |

### NOTICE OF REMOVAL

Defendant DISH Network L.L.C. (hereinafter "DISH") gives notice pursuant to 28 U.S.C. §§ 1441 and 1446 that this action is hereby removed from the State Court of Pinellas County, State of Florida, to the United States District Court for the Middle District of Florida, Tampa Division. As grounds for this removal, DISH represents:

1.  On July 19, 2016, Plaintiff commenced an action against DISH in the State Court of Pinellas County, State of Florida, styled *"Linda Medley v. DISH Network L.L.C."* pending as case no. 16-004737-CI (the "State Court Action"). The Complaint and Summons in the State Court Action (as well as the docket) are attached to this Notice of Removal as "Exhibit A."

2.  On August 11, 2016, DISH was served with a copy of the Complaint and Summons in the State Court Action. *See* Exhibit A.

3.  Prior to filing this Notice of Removal, DISH made no answer or pleading in the State Court Action. This Notice of Removal is filed in the United States District Court for the Middle District of Florida, Tampa Division, within thirty days of the initial pleading setting forth the claim for relief upon which the State Court Action was based. This Notice of Removal is therefore timely filed under 28 U.S.C. § 1446(b)(1). The State Court of Pinellas County, Florida,

is within this Court's district and division; therefore, the State Court Action is properly removable to this Court under 28 U.S.C. § 1441(a).

4. Plaintiff's Complaint alleges a cause of action under the Telephone Consumer Protection Act (the "TCPA"), and particularly 47 U.S.C. § 227(b)(1)(A). Removal of Plaintiff's claim under the TCPA to this Court is proper under 28 U.S.C. § 1441(a) because this Court has original jurisdiction over TCPA claims pursuant to 28 U.S.C. § 1331 (federal question jurisdiction). *See Mims v. Arrow Fin. Servs.*, LLC, 132 S.Ct. 740, *753 (stating federal courts have federal question jurisdiction over claims that arise under the TCPA). The Court has supplemental jurisdiction over Plaintiff's Florida Consumer Collection Practices Act ("FCCPA") because the FCCPA claims are so related to the TCPA claim that they form part of the same case or controversy under Article III of the United States Constitution. *See* 28 U.S.C. § 1367(a).

5. Pursuant to 28 U.S.C. §1446(d), a true and correct copy of this Notice of Removal has or will timely be filed with the State Court of Pinellas County, Florida, and a written notice of this removal has been served on Plaintiff. *See* Exhibit H.

6. If any questions arise as to the propriety of the removal of this action, DISH requests the opportunity to present a brief and oral argument in support of its position that this cause is removable. DISH reserve all defenses, including but not limited to, those under Rule 12(b) of the Federal Rules of Civil Procedure and does not waive said defenses by the filing of this Notice of Removal.

7. In addition to the Docket, Complaint, and Summons, attached are copies of all additional documents filed in the State Court of Pinellas County, Florida:

Exhibit B — Civil Cover Sheet;

Exhibit C — Plaintiff's First Request for Admissions Directed to Defendant, DISH Network L.L.C.

Exhibit D — Plaintiff's Request for Production of Documents Directed to Defendant, DISH Network L.L.C.

Exhibit E — Plaintiff's Notice of Service of First Set of Interrogatories to Defendant, DISH Network L.L.C.

Exhibit F — Notice of Appearance and Designation of E-Mail Address;

Exhibit G — Notice of Filing of Notice of Removal filed by DISH; and

Exhibit H — Notice to Plaintiff of Removal of Action.

WHEREFORE, DISH respectfully requests that the State Court Action be removed to this Court.

Respectfully submitted on this 31st day of August, 2016.

Respectfully submitted,

*[signature]*
Alissa M. Ellison, Esquire
Florida Bar. 15992
GrayRobinson, P.A.
401 E.Jackson Street, Suite 2700
P.O. Box 3324
Tampa, Florida  33601-3324
(813) 273-5000 Telephone
(813) 273-5145 Facsimile
alissa.ellison @gray-robinson.com
**And**
Roy S. Kobert, Esquire
Florida Bar No. 777153
GrayRobinson, P.A.
301 E. Pine Street, Suite 1400
P.O. Box 3068
Orlando, Florida 32802-3068
(407) 843-8880 Telephone
(407) 244-5690 Facsimile
roy.kobert@gray-robinson.com
*Attorneys for Defendant*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 31st day of August, 2016, I electronically filed the foregoing document with the Clerk of the Courts by CM/ECF. I also certify that the foregoing document is being served this date on the following counsel of record in the manner specified, either via transmission of Notice of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing:

Aaron M. Swift, Esquire
Gregory H. Lercher, Esquire
Sara J. Weiss, Esquire
LEAVENLAW
Northeast Professional Center
3900 First Street North, Suite 100
St. Petersburg, FL  33703
consumerservice@leavenlaw.com
aswift@leavenlaw.com
sweiss@leavenlaw.com

_____
Alissa M. Ellison, Esquire
Florida Bar.  15992

9559179 v1