UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

LINDA MEDLEY,

    Plaintiff,

v.

                              Case No.: 8:16-CV-02534-CEH-TBM

DISH NETWORK L.L.C.,

    Defendant.
_____/

**DEFENDANT DISH NETWORK L.L.C.'S MOTION *IN LIMINE* TO EXCLUDE EVIDENCE, TESTIMONY, OR ARGUMENT CONTRADICTING PLAINTIFF'S STIPULATED FACT REGARDING NON-CANCELLATION OF THE SERVICES**

Pursuant to Federal Rules of Evidence 103(d), 401, and 402, or alternatively 403, Defendant DISH Network L.L.C. ("DISH") moves the Court to exclude any evidence, testimony, or argument at trial contradicting Plaintiff Linda Medley's ("Plaintiff") stipulated fact that she did not cancel her DISH satellite services.

In two separate filings, Plaintiff stipulated to the fact that she "could not afford to pay the early termination fees [] and therefore did not [] cancel her services." (Docs. 52 & 124.) Plaintiff repeats the stipulation in the Joint Final Pretrial Report. (Doc. 133.) Notwithstanding these multiple stipulations, Plaintiff will likely try to contradict the stipulation at trial. Presenting any contradicting

1

testimony would irredeemably taint the jury. The Court should exclude any attempted evidence, testimony, or argument that Plaintiff attempted to cancel her services on April 18, 2014 based upon the "dangers of unfair prejudice and confusion" that would arise with her controverting a stipulated fact. *Harris v. Bellsouth Telecommunications, Inc.*, No. 3:10CV49/MCR/EMT, 2012 WL 12964692, at *2 (N.D. Fla. Nov. 12, 2012) (granting motion *in limine* to exclude certain evidence and finding that such testimony "should be excluded because the parties stipulated to the fact" at issue).

A Memorandum in Support is below and is incorporated by reference.

## I.      RELEVANT BACKGROUND

On April 15, 2013, Plaintiff became a DISH customer. (*See* Doc. 117, p. 3.) Three contracts memorialized this relationship. DISH agreed to provide satellite-television services to Plaintiff and provide Plaintiff with leased DISH satellite equipment for a twenty-four month term. (*Id*.) In exchange, Plaintiff agreed, among other things, to make monthly payments. (*Id*.)

On March 14, 2014, Plaintiff called DISH and signed up for the DISH Pause feature. (*Id*.) The Pause feature allows customers to temporarily suspend their programming. (*Id*.) It is a recurring three, six, or nine-month service hiatus for $5.00 per month. (*Id*.) On May 26, 2014, Plaintiff filed a Chapter 7 voluntary

bankruptcy in the United States Bankruptcy Court for the Middle District of Florida, Case No. 8:14-bk-05961-CPM. (*See* Doc. 2, p. 3, ¶ 17.)

The evidence of non-cancellation of services after Plaintiff filed for bankruptcy is clear and affirmative. On April 18, 2014, Plaintiff called DISH and inquired about cancelling, but ultimately chose not to cancel. (*See* Doc. 117, p. 5.) The parties have already stipulated to this fact: Plaintiff "***did not immediately cancel her services***" on the April 18, 2014 call. (*See* Doc. 52, p. 2 & 124, p. 2.)

## II.   LAW AND ARGUMENT

### A.   Motions *in Limine* Standard

District courts have "broad discretion" in ruling on motions *in limine*. *Quantum Capital, LLC v. Banco De Los Trabajadores*, 720 F. App'x 539, 540 (11th Cir. 2017). Motions *in limine* to exclude inadmissible or prejudicial evidence before it is offered at trial "serve the dual purpose of avoiding a subsequent futile attempt to 'unring the bell' after jurors have already seen or heard the inadmissible or prejudicial evidence and to save time by resolving evidentiary disputes in advance of trial, thereby avoiding unnecessary disruption during trial." *SE Prop. Holdings, LLC v. HCB Fin. Corp.*, No. 3:13CV6/MCR/CJK, 2015 WL 12868076, at *1 (N.D. Fla. Mar. 13, 2015) (citations omitted).

### B. The Court Should Exclude Any Evidence, Testimony, or Argument Contradicting Plaintiff's Stipulated Fact that She Did Not Cancel her DISH Services

In recent representations to the Court, Plaintiff has indicated that her approach to jury presentations will be consistent with her new position that the "account notes in Dish's system literally say 'wanna cancel,' but Dish ignored this plainly evident indication that Medley did not want to remain a Dish customer." (Doc. 122, p. 15.) Given this posturing, there is no reason to expect that Plaintiff will comply with the filed stipulations, unless she is forced by the Court to do so.

In order to enforce the parties filed stipulations, avoid prejudice to DISH, and minimize waste at trial, DISH respectfully requests that any evidence, testimony, or argument contradicting Plaintiff's non-cancellation of services be excluded based upon the "danger of unfair prejudice." *See* Fed. R. Evid. 403; *Harris*, 2012 WL 12964692 at *2. In *Harris*, the defendant filed a motion *in limine* to exclude evidence as to "plaintiff's charges of discrimination" because the "parties stipulated to the fact" at issue and such evidence "would be particularly confusing and prejudicial in this case." *Harris*, 2012 WL 12964692 at *2. The court in *Harris* granted the motion *in limine* on the basis that the

"parties have stipulated to that fact" at issue and the "probative value of the evidence is substantially outweighed by the danger of unfair prejudice." *Id*.

The outcome in *Harris* is instructive here, since parties entered into stipulations "for the purpose of promoting judicial economy by dispensing with matters that are not at issue." *Sam Galloway Ford, Inc. v. Universal Underwriters Ins. Co.*, 793 F. Supp. 1079, 1082 (M.D. Fla. 1992). There is no basis for the jury to consider evidence contradicting the stipulated fact of non-cancellation of services. Although Plaintiff may seek to create confusion for the jury on non-cancellation, it is clearly barred by the Rules.

Accordingly, the introduction of any evidence, testimony, or argument related to Plaintiff attempting to cancel her DISH services would tend to suggest to the jury that it could premise its decision on an improper and prejudicial basis. The jury should not be exposed to such evidence, especially since the "evidence could not be remedied by an instruction to disregard." *Horowitch v. Diamond Aircraft Indus., Inc.*, No. 6:06-cv-1703-Orl-19KRS, 2009 U.S. Dist. LEXIS 108916, at *17-18 (M.D. Fla. Nov. 8, 2009) ("Motions *in limine* are most appropriate [when] the mere mentioning of the evidence could not be remedied by an instruction to disregard.").

5

### III. CONCLUSION

For the reasons set forth above, DISH requests that the Court enter an order *in limine* precluding Plaintiff from presenting evidence, testimony, or argument contradicting the stipulated fact that Plaintiff did not cancel her DISH satellite services.

Dated:  June 29, 2021

*/s/ Eric Larson Zalud*
ERIC LARSON ZALUD (*Pro Hac Vice*)
LAURA E. KOGAN (*Pro Hac Vice*)
Benesch, Friedlander, Coplan & Aronoff LLP
200 Public Square, Suite 2300
Cleveland, Ohio 44114
216-363-4178 Telephone
216-363-4588 Facsimile
ezalud@beneschlaw.com
lkogan@beneschlaw.com

Josef Y. Rosen, Esq.
Florida Bar No. 112719
GrayRobinson, P.A.
401 E. Jackson Street, Suite 2700
P.O. Box 3324
Tampa, Florida  33601-3324
813-273-5000 Telephone
813- 273-5145 Facsimile
josef.rosen@gray-robinson.com

Roy S. Kobert, Esquire
Florida Bar No. 777153
GrayRobinson, P.A.
301 E. Pine Street, Suite 1400
P.O. Box 3068
Orlando, Florida 32802-3068
407- 843-8880 Telephone

407- 244-5690 Facsimile
roy.kobert@gray-robinson.com

*Attorneys for Defendant DISH Network L.L.C.*

## **LOCAL RULE 3.01(g) CERTIFICATION**

Counsel for DISH has telephonically conferred with counsel for Plaintiff, who has advised that Plaintiff opposes the request for the relief sought herein.

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 29th day of June, 2021, I electronically filed the foregoing document with the Clerk of the Courts by CM/ECF. I also certify that the foregoing document is being served this date on the following counsel of record in the manner specified, either via transmission of Notice of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing:

Ian R. Leavengood, Esq.
Michael J. Boyle, Esq
Philip M. Piazza, Esq
LEAVENLAW
Northeast Professional Center
3900 First Street North, Suite 100
St. Petersburg, FL  33703
consumerservice@leavenlaw.com
ileavengood@leavenlaw.com
mboyle@leavenlaw.com
ppiazza@leavenlaw.com

Charles Schropp, Esq.
Schropp Law Firm, P.A.
2309 MacDill Avenue, Suite101
Tampa, FL 33609
charles@schropplaw.com

*/s/ Eric Larson Zalud*
Eric Larson Zalud
*Attorney for Defendant DISH Network L.L.C.*

14784147 v1