# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### TAMPA DIVISION

LINDA MEDLEY,

                                  Case No.: 8:16-CV-02534-CEH-TBM

      Plaintiff,

v.

DISH NETWORK L.L.C.,

      Defendant.

_____/

## DEFENDANT DISH NETWORK L.L.C.'S RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION FOR JUDICIAL NOTICE

Plaintiff Linda Medley ("Plaintiff") continues to look for ways to shift the Court's attention away from the only issue left in this case, i.e., whether DISH had actual knowledge that the Pause charges were invalid during the relevant time period. With extraordinary overbreadth, Plaintiff's most recent proposal seeks judicial notice of twenty-four court filings from three different cases and six SEC filings, totaling 1,235 pages ("Filings"). (*See* Doc. 140, hereinafter "Motion").

Despite filing yet another brief focusing on the wrong facts, Plaintiff gets no traction with her suggestion that judicial notice will somehow, in an unspecified way, assist in deciding the issue on remand. Nothing in these Filings could remotely support an argument that DISH had actual knowledge that the

Pause charges were invalid during the relevant time period. Since Plaintiff can offer no useful reason to take judicial notice of the Filings, the Court should deny the Motion, and proceed to resolve the critical legal question relating to what DISH actually knew.

In a scenario like this one, taking judicial notice is improper and should be denied for at least the following reasons.

- None of the Filings are helpful to answering what DISH *actually knew*. *O'Neal Constructors, LLC v. DRT Am., LLC*, 991 F.3d 1376, 1381 (11th Cir. 2021) ("And we deny [] to take judicial notice of certain documents from other cases that we don't think are ***helpful***.") (emphasis added). The Filings could only show what DISH "should have known" in Plaintiff's view of the world (and even that is a stretch), instead of what DISH actually knew. A "should have known" argument is contrary to the framework mandated by law.

- All of the Filings are "irrelevant." *Rodriguez v. Miami-Dade Cty.*, No. 8:15-CV-1621-T-AAS, 2018 WL 3458324, at *2 (M.D. Fla. July 18, 2018) (denying judicial notice based upon irrelevance); *Butzer v. CoreCivic, Inc.*, No. 5:17-cv-360-Oc-30PRL, 2019 U.S. Dist. LEXIS 41026, at *9 (M.D. Fla. Jan. 9, 2019) (same). The Filings are irrelevant to determine actual knowledge as to the Pause charges, and consist of random documents such as "deadlines," "removal," "remand," and "notice of appearance," or irrelevant financial statements, that have no connection with Plaintiff's claims or the actual issue (actual knowledge) to be decided by the Jury.

- Most of the Filings are complex documents, and taking "judicial notice" of "complex documents [] without explanatory testimony would cause confusion" to "the jury." *Butzer*, 2019 U.S. Dist. LEXIS 41026 at *9; *Rodriguez*, 2018 WL 3458324 at *2.

## I.    RELEVANT BACKGROUND

This lawsuit is nearly six years old, and Plaintiff can point to *nothing* to satisfy her "actual knowledge" burden under § 559.72(9) and § 559.72(18) of the Florida Consumer Collection Practices Act ("FCCPA").

As a result, Plaintiff is seeking judicial notice of voluminous documents from other cases. These documents address ancillary topics within certain bankruptcy proceedings, such as "deadlines," "discharge," "removal," "remand," "statement of claim," "notice of appearance," and "order approving account, discharging trustee, canceling bond, an closing estate," "statement of claim." (Motion, pp. 2-4.) The Motion also seeks judicial notice of six SEC Filings dated 2011-2014 and 2019-2020. (*Id*. at p. 4.) None of the Filings constitute any evidence of what DISH *actually knew*.

## II.    LAW AND ARGUMENT

Federal Rule of Evidence 201 applies to judicial notice of adjudicative facts. Fed. R. Evid. 201(a). "Adjudicative facts are facts that are relevant to a determination of the claims presented in a case." *Dippin' Dots, Inc. v. Frosty Bites Dist., LLC*, 369 F.3d 1197, 1204 (11th Cir. 2004). Judicial notice is "a highly limited process." *Id*. at 1204-05. Even if a document is "subject to judicial

notice, it is not insulated from other rules of evidence such as Rule 403."

*Tambourine Comercio Internacional SA v. Solowsky*, 312 F. App'x 263, 289

(11th Cir. 2009).

> ### A.   The Court Should Deny Judicial Notice of Immaterial and Unnecessary Documents Filed in Other Courts.

Plaintiff is working from the wrong facts to answer the legal question on

remand: whether DISH *actually knew* that Plaintiff's Pause charges were invalid

and that Plaintiff was represented by counsel with regard to those charges. *See*

*Medley v. Dish Network, LLC*, 958 F.3d 1063, 1069 (11th Cir. 2020).

*First*, there is no dispute that DISH knew of Plaintiff's bankruptcy —

which is exactly why DISH discharged Plaintiff's pre-petition debt. As a result,

all of Plaintiff's bankruptcy Filings showing knowledge of the bankruptcy are

"immaterial" to a final resolution. *NAFL Invs., Ltd. v. Van Ness Feldman LLP*,

No. 2:18-cv-183-FtM-99MRM, 2018 WL 2717440, at *4 (M.D. Fla. June 6,

2018) (denying judicial notice of separate litigation because the documents were

"immaterial to the Court's determination").

*Second*, all of the Filings are "unnecessary" to answer what DISH actually

knew. *Morton v. United States*, No. 4:16cv313-RH/CAS, 2017 U.S. Dist. LEXIS

150188, at *14 (N.D. Fla. Aug. 28, 2017) ("[J]udicial notice [is] denied as

unnecessary in ruling."); *Blass v. Flagstar Bancorp, Inc.*, 841 F. Supp. 2d 1280, 1285 (S.D. Fla. 2012) (finding judicial "notice proved unnecessary for full resolution"). The Filings could only show what DISH "should have known," instead of what DISH actually knew. Under the FCCPA, Plaintiff must show "proof" of "actual knowledge, not constructive knowledge." *Braunstein*, 2020 U.S. Dist. LEXIS 81943 at *12-13. Any contention that DISH "should have known" is insufficient. *Arianas v. LVNV Funding LLC*, 132 F. Supp. 3d 1322, 1330 (M.D. Fla. 2015).

*Third*, since the Filings can only (at best) show what DISH "should have known," all of the Filings are "not connected with any relief such that judicial notice is appropriate." *Farrell v. GMAC Mortg.*, No. 2:13-cv-140-FtM-29DNF, 2014 U.S. Dist. LEXIS 192395, at *2 n.2 (M.D. Fla. Aug. 6, 2014) (denying judicial notice). Consequently, the Court should deny Plaintiff's invitation to take judicial notice.

## B. The Court Should Deny Judicial Notice of Documents that are Irrelevant to the Disposition of the Dispute.

A "court may refuse to take judicial notice of facts that are irrelevant to the proceeding." *United States v. Falcon*, 957 F. Supp. 1572, 1585 (S.D. Fla. 1997), *aff'd*, 168 F.3d 505 (11th Cir. 1999). The court Filings Plaintiff is trying to provide are irrelevant to determine what DISH actually knew. *Butzer*, 2019 U.S.

Dist. LEXIS 41026 at *9; Fed. R. Evid. 402. For example, documents such as "deadlines," "discharge," "removal," "remand," "statement of claim," and "notice of appearance" are wholly irrelevant to DISH's mindset.

The actual documents have no bearing on this case. The *Doling* case in bankruptcy court related to the sending of an unintentional "auto-billing" error message. *In re Doling*, 6:13–bk–06817, 2014 WL 2644730, at *1 (Bankr. M.D. Fla. June 1, 2014) ("The basis for both alleged violations is a single post-petition, pre-discharge email sent by Dish to the Debtor, individually, which notified him that his auto-payment of his bill failed."). Any reliance on *Doling* is misplaced, since this case does not point to any facts suggesting that DISH knew the Pause charges here were invalid, nor does this case involve any remotely similar auto-billing error.

The *Doling* proceedings likewise involved a different fact pattern that cannot be transplanted into this case. *Doling v. Dish Network LLC*, Case No. 2014-SC-37 (Fla. Orange County Ct). Given the factual and procedural differences between the cases, the *Doling* documents are not relevant to what DISH actually knew regarding the Pause charges. It is no coincidence that the *Doling* documents provide no probative value and could only serve to prejudice, confuse, or mislead the jury.

The SEC Filings consist of topics such as "Annual Report" "financial data," "stock options," and "statement of operations." (Doc. 140-4, pp. 3-958.) These Filings are flagrantly irrelevant as to whether DISH *actually knew* that the Pause charges were invalid or that Plaintiff was represented by counsel with regard to those charges. It is impossible that Plaintiff reasonably expects to use the SEC Filings at trial for any issue related to the pleadings. They can only be used, along with the hundreds of others just like them, to waste time with irrelevancies unrelated to the claims and defenses at issue.

The huge quantities of SEC Filings should be barred as irrelevant, and the Court should confine the case to the disputed issues as defined by the Complaint and remand. *See New Form, Inc. v. Cozumel Films, LLC*, No. CV 05-067 DT (AJWX), 2006 WL 8433989, at *7-8 (C.D. Cal. Mar. 15, 2006) ("[T]he Court declines to take judicial notice of the [the documents] on the ground that they are not required [] to establish [the claim] and are thus irrelevant to the disposition of Plaintiffs' claim"). This kind of digression can only taint and confuse the jury.

## C. The Court Should Deny Judicial Notice of Documents that Confuse or Mislead the Jury.

The Filings also consist of complex bankruptcy and civil court documents. (Motion, pp. 2-4.) The rule is straightforward: taking "judicial notice" of "complex documents [] without explanatory testimony would cause confusion"

7

to "the jury." *Butzer*, 2019 U.S. Dist. LEXIS 41026 at *9. Courts routinely deny judicial notice under these circumstances. *E.g.*, *Rodriguez*, 2018 WL 3458324 at *2; *Mitrovic v. United States*, No. 1:12-CR-311-AT-JSA, 2020 U.S. Dist. LEXIS 214471, at *14 (N.D. Ga. Sep. 3, 2020) (denying judicial notice "because that evidence would have been too confusing for the jury").

As prime examples, the "order approving account, discharging trustee, canceling bond, and closing estate," "statement of claim," and a "motion to reopen case" are complex and confusing documents for any juror. (Motion, pp. 2-4.) There is no basis for these highly technical Filings, and the prejudice that would result is obvious. Plaintiff cannot cite any case in which a court granted the same drastic and highly prejudicial judicial notice under similar circumstances. In sum, consistent with all of the above principles, the Court should deny judicial notice based upon the "danger of confusing or misleading the jury." *Rodriguez*, 2018 WL 3458324 at *2.

## III.   CONCLUSION

For the foregoing reasons, the Court should deny Plaintiff's Motion in its entirety.

Dated:  July 13, 2021      /s/ Eric Larson Zalud
ERIC LARSON ZALUD (*Pro Hac Vice*)
LAURA E. KOGAN (*Pro Hac Vice*)
Benesch, Friedlander, Coplan & Aronoff LLP
200 Public Square, Suite 2300
Cleveland, Ohio 44114
216-363-4178 Telephone
216-363-4588 Facsimile
ezalud@beneschlaw.com
lkogan@beneschlaw.com

Josef Y. Rosen, Esq.
Florida Bar No. 112719
GrayRobinson, P.A.
401 E. Jackson Street, Suite 2700
P.O. Box 3324
Tampa, Florida  33601-3324
813-273-5000 Telephone
813- 273-5145 Facsimile
josef.rosen@gray-robinson.com

Roy S. Kobert, Esquire
Florida Bar No. 777153
GrayRobinson, P.A.
301 E. Pine Street, Suite 1400
P.O. Box 3068
Orlando, Florida 32802-3068
407- 843-8880 Telephone
407- 244-5690 Facsimile
roy.kobert@gray-robinson.com

*Attorneys for Defendant DISH Network L.L.C.*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 13th day of July, 2021, I electronically filed the foregoing document with the Clerk of the Courts by CM/ECF. I also certify that the foregoing document is being served this date on the following counsel of record in the manner specified, either via transmission of Notice of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing:

Ian R. Leavengood, Esq.
Michael J. Boyle, Esq
Philip M. Piazza, Esq
LEAVENLAW
Northeast Professional Center
3900 First Street North, Suite 100
St. Petersburg, FL  33703
consumerservice@leavenlaw.com
ileavengood@leavenlaw.com
mboyle@leavenlaw.com
ppiazza@leavenlaw.com

Charles Schropp, Esq.
Schropp Law Firm, P.A.
2309 MacDill Avenue, Suite101
Tampa, FL 33609
charles@schropplaw.com

*/s/ Eric Larson Zalud*
Eric Larson Zalud
*Attorney for Defendant DISH Network L.L.C.*