# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

LINDA MEDLEY,

      Plaintiff,

v.

      Case No.: 8:16-CV-02534-CEH-TBM

DISH NETWORK L.L.C.,

      Defendant.

_____/

## DEFENDANT DISH NETWORK L.L.C.'S RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION *IN LIMINE*

Defendant DISH Network L.L.C. ("DISH") files this Response in Opposition to Plaintiff's Motion *in Limine* to exclude evidence regarding four distinct issues. (Doc. 139, hereinafter "Motion.") The Motion asks the Court to make unprecedented rulings. None of them are supported by the relevant law, the record, or common sense.

    **A.**    **The Court Should Deny Excluding Reference to the Case History and Prior Proceedings.**

Plaintiff does not cite any authority in support of her contention to exclude "reference [to] this case's prior proceedings," including the Court's ruling on summary judgment. (Motion, pp. 2-4.) Nor does Plaintiff cite any support for her

1

proposition that DISH would "argue to the jury" that the "purported error was reasonable." (Motion, p. 3.)

For the sake of clarity: the issue on remand does not consider the *reasonableness* of any error due to the doctrinal fictions created by bankruptcy bookkeeping. Plaintiff is working from the wrong framework to answer the legal question before the Court: whether DISH *actually knew* that the Pause charges were invalid and that Plaintiff was represented by counsel with regard to those charges.

Other than Plaintiff's incorrect and unsupported proposition, the Motion does not identify any real reason to prohibit referencing the history of the case. Given the actual record, and the complete failure of establishing inadmissibility, the Motion falls far short of justifying the sweeping exclusion. As such, a ruling "must be deferred until trial to allow questions of [] relevancy and prejudice to be resolved **in context**." *Stewart v. Hooters of Am., Inc.*, No. 8:04-CV-40-T-17-MAP, 2007 WL 1752873, at *1 (M.D. Fla. June 18, 2007) (emphasis added).

**B. The Court Should Deny Excluding Relevant Evidence as to how DISH "Acted."**

The Motion gives the impression that DISH intends to challenge the validity of the Pause charges. (Motion, pp. 5-6.) This ignores the record. DISH

2

will not challenge the Eleventh Circuit ruling issued last year finding that the post-petition Pause charges in 2014 are an invalid debt under bankruptcy law.

Further, Plaintiff seeks to exclude argument or evidence as to how DISH "acted" based upon its belief when it continued "to bill her." (Motion, p. 5.) This is improper, since such evidence is relevant to answering what DISH actually knew. *Mendez v. Unitrin Direct Prop. & Cas. Ins. Co.*, No. 8:06-CV-563-T-24MAP, 2007 WL 2696795, at *4 (M.D. Fla. Sept. 12, 2007) ("[T]he Court denies the motion to the extent that Plaintiffs seek to exclude evidence regarding [] actions and motives because such evidence is relevant to the issue"); *Scott v. Hess Retail Operations, LLC*, No. 8:14-CV-1437-T-24, 2015 WL 4602605, at *2 (M.D. Fla. July 29, 2015) (denying motion *in limine* because the "acts" provide "relevant evidence").

No matter how much Plaintiff argues otherwise, DISH is permitted to show the jury that it did not believe or know the Pause charges were invalid, and instead believed them to be valid. DISH is also permitted to show it believed that Plaintiff's representation of counsel was limited to the bankruptcy debt. Plaintiff is essentially asking the Court to preclude DISH from offering evidence of what it actually knew and believed during the relevant time period. This evidence is the centerfold of the case. There is no basis to exclude it.

### C. The Court Should Deny Excluding Relevant Facts Regarding DISH's Policy and Practice as to Cancellation.

The Motion seeks to keep out relevant, long-known facts regarding DISH's policy and practice to maintain an active account after discharge on the ground that Plaintiff "did not need to cancel." (Motion, pp. 6-7.) There is no mystery here: Plaintiff is urging the Court to carve out facts during the relevant time period that show what DISH actually thought and knew.

The DISH policy and practice as to cancellation in place during 2014 is "relevant to the issue" of actual knowledge. *Brazell v. Hillsborough Cty. Bd. of Cty. Commissioners*, No. 8:20-CV-485-SCB-AEP, 2021 WL 1428490, at *2 (M.D. Fla. Apr. 15, 2021) ("Because the Court finds that this evidence is relevant to the issue . . . the Court denies [the] motion *in limine* on this issue."). Plaintiff cannot cite any authority for her contention justifying the exclusion of relevant facts. Once again, Plaintiff is essentially asking the Court to preclude DISH from offering evidence of its knowledge and belief during the relevant time period. In sum, there is no factual or legal basis presented in the Motion that supports the exclusion that Plaintiff requests.

### D. The Court Should Allow DISH to Elicit Testimony as to Plaintiff's Motivation for Filing the Lawsuit.

DISH contends that it is entitled to elicit testimony regarding Plaintiff's motivation for filing and maintaining this lawsuit, the basis of her claims and formulation of damages, and so forth. *See Dingman v. Cart Shield USA, LLC*, No. 12-20088-CIV, 2013 WL 3353835, at *2 (S.D. Fla. July 3, 2013) ("Although it is improper for Cart Shield to refer to attorney's fees, costs, and liquidated damages, Cart Shield may *inquire* about Dingman's motivation for filing and maintaining this lawsuit, the basis of his claim and formulation of damages, the circumstances surrounding the apparent change from his deposition testimony regarding any amounts owed to him, and so forth.") (emphasis in original.)

Consequently, for the foregoing reasons, the Court should deny Plaintiff's Motion.

Dated: July 13, 2021

/s/ Eric Larson Zalud
ERIC LARSON ZALUD (*Pro Hac Vice*)
LAURA E. KOGAN (*Pro Hac Vice*)
Benesch, Friedlander, Coplan & Aronoff LLP
200 Public Square, Suite 2300
Cleveland, Ohio 44114
216-363-4178 Telephone
216-363-4588 Facsimile
ezalud@beneschlaw.com
lkogan@beneschlaw.com

5

Josef Y. Rosen, Esq.
Florida Bar No. 112719
GrayRobinson, P.A.
401 E. Jackson Street, Suite 2700
P.O. Box 3324
Tampa, Florida  33601-3324
813-273-5000 Telephone
813- 273-5145 Facsimile
josef.rosen@gray-robinson.com

Roy S. Kobert, Esquire
Florida Bar No. 777153
GrayRobinson, P.A.
301 E. Pine Street, Suite 1400
P.O. Box 3068
Orlando, Florida 32802-3068
407- 843-8880 Telephone
407- 244-5690 Facsimile
roy.kobert@gray-robinson.com

*Attorneys for Defendant DISH Network L.L.C.*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 13th day of July, 2021, I electronically filed the foregoing document with the Clerk of the Courts by CM/ECF.  I also certify that the foregoing document is being served this date on the following counsel of record in the manner specified, either via transmission of Notice of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing:

| | |
|---|---|
| Ian R. Leavengood, Esq. <br> Michael J. Boyle, Esq <br> Philip M. Piazza, Esq <br> LEAVENLAW <br> Northeast Professional Center <br> 3900 First Street North, Suite 100 <br> St. Petersburg, FL  33703 <br> consumerservice@leavenlaw.com <br> ileavengood@leavenlaw.com <br> mboyle@leavenlaw.com <br> ppiazza@leavenlaw.com | Charles Schropp, Esq. <br> Schropp Law Firm, P.A. <br> 2309 MacDill Avenue, Suite101 <br> Tampa, FL 33609 <br> charles@schropplaw.com |

                                          */s/ Eric Larson Zalud*
                                        Eric Larson Zalud
                                        *Attorney for Defendant DISH Network L.L.C.*