# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

LINDA MEDLEY,

      Plaintiff,

v.

DISH NETWORK L.L.C.,

      Defendant.

_____/

Case No.: 8:16-CV-02534-CEH-TBM

**DEFENDANT DISH NETWORK L.L.C.'S MOTION FOR LEAVE TO FILE A REPLY IN SUPPORT OF ITS MOTION IN *LIMINE* TO EXCLUDE EVIDENCE, TESTIMONY, OR ARGUMENT CONTRADICTING PLAINTIFF'S STIPULATED FACT REGARDING NON-CANCELLATION OF THE SERVICES**

For lack of real opposition with any grounding in fact or law, Defendant DISH Network L.L.C. ("DISH") hereby seeks leave to file a Reply to address Plaintiff's Response (Doc. 149) pursuant to Local Rule 3.01(d).

At the threshold, Plaintiff tacitly admits that she "fully intends to honor the relevant stipulation," which governed DISH's *actual knowledge* that her Pause charges were valid. The stipulation establishes that Plaintiff "did not [] cancel her services." (*See* Docs. 52, 124, 133.) The remaining portion of Plaintiff's Response is ill-founded. (Doc. 149, pp. 1-6.)

Plaintiff avoids the operative language that she "did not [cancel] her services" and urges the Court to give material significance to a single statement "did attempt to cancel." (Doc. 149, p. 4.) The excerpted "attempt to cancel" language is provided in a vacuum, divorced from the record that shows that Plaintiff ultimately did not cancel. The evidence of non-cancellation is clear and affirmative. It is improper to confuse and divert the jury by contradicting the stipulated fact of non-cancellation of services.

Although Plaintiff may seek to create confusion for the jury on non-cancellation, doing so would be highly prejudicial to DISH and misleading to the jury. The law forbids this gambit:

> While the charges may nevertheless be admissible to demonstrate that the plaintiff engaged in protected activity, the ***parties have stipulated to that fact***, and the charges are not relevant to any other issue. To the extent the charges are marginally relevant, their probative value is substantially outweighed by ***the dangers of unfair prejudice and confusion of the issues***. *See* Fed. R. Evid. 403. The plaintiff's charges of discrimination therefore will not be admitted at trial.

*See Harris v. Bellsouth Telecommunications, Inc.*, No. 3:10CV49/MCR/EMT, 2012 WL 12964692, at *2 (N.D. Fla. Nov. 12, 2012) (emphasis added); *see also* Fed. R. Evid. 403.

Rather than finding cases involving stipulated facts and similar procedural postures, Plaintiff relies on precedent arising from distinct factual records. (Doc.

149, pp. 5-6) (citing *Washington v. Hawkins*, No. 208CV181FTM36SPC, 2011 WL 13183235 (M.D. Fla. Sept. 14, 2011)). Plaintiff's reliance on *Washington* cuts the wrong way, since the court refused to exclude testimony regarding the highly disputed "existence of probable cause." *See Washington*, 2011 WL 13183235 at *1-2. Unlike *Washington*, Plaintiff's non-cancellation of services is not disputed, and it has not been in dispute since the parties first stipulated in 2018. (*See* Docs. 52, 124, 133.) Plaintiff relies upon no pertinent authority.

Nor can Plaintiff credibly rely upon the Eleventh Circuit's ruling in support of contradicting the stipulated fact of non-cancellation of services. (Doc. 149, pp. 4-5 n. 2.) For the sake of clarity: while the Eleventh Circuit ultimately determined that this reading was legally wrong, the record establishes that it is clearly the one DISH believed. The Eleventh Circuit's decision, almost six years later, on the legal validity of the debt does not change or alter DISH's *actual knowledge* during the relevant time.

Therefore, misleading the jury on non-cancellation would irredeemably taint the jury and make any damage award defective. DISH should be permitted to file a Reply to fully address Plaintiff's Response.

| | |
|---|---|
| Dated:  July 20, 2021 | */s/ Eric Larson Zalud*<br>ERIC LARSON ZALUD (*Pro Hac Vice*)<br>LAURA E. KOGAN (*Pro Hac Vice*)<br>Benesch, Friedlander, Coplan & Aronoff LLP<br>200 Public Square, Suite 2300<br>Cleveland, Ohio 44114<br>216-363-4178 Telephone<br>216-363-4588 Facsimile<br>ezalud@beneschlaw.com<br>lkogan@beneschlaw.com<br><br>Josef Y. Rosen, Esq.<br>Florida Bar No. 112719<br>GrayRobinson, P.A.<br>401 E. Jackson Street, Suite 2700<br>P.O. Box 3324<br>Tampa, Florida  33601-3324<br>813-273-5000 Telephone<br>813- 273-5145 Facsimile<br>josef.rosen@gray-robinson.com<br><br>Roy S. Kobert, Esquire<br>Florida Bar No. 777153<br>GrayRobinson, P.A.<br>301 E. Pine Street, Suite 1400<br>P.O. Box 3068<br>Orlando, Florida 32802-3068<br>407- 843-8880 Telephone<br>407- 244-5690 Facsimile<br>roy.kobert@gray-robinson.com<br><br>*Attorneys for Defendant DISH Network L.L.C.* |

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 20th day of July, 2021, I electronically filed the foregoing document with the Clerk of the Courts by CM/ECF. I also certify that the foregoing document is being served this date on the following counsel of record in the manner specified, either via transmission of Notice of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing:

| | |
|---|---|
| Ian R. Leavengood, Esq. <br> Michael J. Boyle, Esq <br> Philip M. Piazza, Esq <br> LEAVENLAW <br> Northeast Professional Center <br> 3900 First Street North, Suite 100 <br> St. Petersburg, FL  33703 <br> consumerservice@leavenlaw.com <br> ileavengood@leavenlaw.com <br> mboyle@leavenlaw.com <br> ppiazza@leavenlaw.com | Charles Schropp, Esq. <br> Schropp Law Firm, P.A. <br> 2309 MacDill Avenue, Suite101 <br> Tampa, FL 33609 <br> charles@schropplaw.com |

/s/ Eric Larson Zalud
Eric Larson Zalud
*Attorney for Defendant DISH Network L.L.C.*