UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

LINDA MEDLEY,

        Plaintiff,

v.

DISH NETWORK L.L.C.,

        Defendant.

_____/

Case No.: 8:16-CV-02534-CEH-TBM

## DEFENDANT DISH NETWORK L.L.C.'S MOTION FOR LEAVE TO FILE A REPLY IN SUPPORT OF ITS MOTION IN *LIMINE* TO EXCLUDE TESTIMONY FROM UNDISCLOSED WITNESS

Defendant DISH Network L.L.C. ("DISH") hereby seeks leave to file a Reply to address Plaintiff's strained interpretation of "my attorneys" to include notice of her bankruptcy attorney, Ryan Singleton. (Doc. 151.) The Response's contention that Plaintiff "advised DISH that her attorneys—which includes Singleton—were individuals that had information relevant to the claims and defenses in this case" is based on the thinnest of reeds and a single instance. (Doc. 151, p. 2; Doc. 2, p. 21.)

DISH's Interrogatory No. 1 asked Plaintiff to "identify all *persons*" — not generic groups such as "my attorneys" — with "knowledge of facts which relate to the Action and provide a summary of that knowledge." (*See* Exhibit A.)

Plaintiff did not do so despite her requirement to "provide the *specific names* of the individuals [she] might use as witnesses." 6 MOORE'S FEDERAL PRACTICE - CIVIL § 26.22(4)(a)(i) (stating it "is not sufficient to identify [witnesses] through the use of a collective description") (emphasis added); *see, e.g.*, *Pritchett v. Werner Enters.*, No. 12-0182-WS-C, 2014 U.S. Dist. LEXIS 196684, *3 n.1 (S.D. Ala. Feb. 11, 2014) (same).

Instead, Plaintiff disclosed Mr. Singleton for the first time on her witness list exchanged last month, and as a "likely" witness. (Doc. 133, p. 6.) This late disclosure deprived DISH of the opportunity to depose and perform discovery related to Mr. Singleton.

Worse, the Eleventh Circuit resolved all bankruptcy issues and none remain. *Medley v. Dish Network, LLC*, 958 F.3d 1063 (11th Cir. 2020). The jury must be permitted to consider only what is relevant to the issues on remand. As has become a recurring theme at this point, the issue to be decided on remand is *not* DISH's knowledge of Plaintiff's bankruptcy itself, which is not disputed. Plaintiff tries to counter by pointing out that DISH's position is that Mr. Singleton does not have relevant testimony for the issue to be decided now. (Doc. 151 at 6.) That is absolutely true, and that is also the point: absent Plaintiff actually

identifying Mr. Singleton and disclosing her intent to call him as a witness, DISH would never have thought to depose Singleton.

Therefore, DISH seeks leave to file a Reply and fully argue that the Court should exclude all testimony from Mr. Singleton — Plaintiff's "likely" and late-disclosed witness.

Dated: July 20, 2021

/s/ Eric Larson Zalud
ERIC LARSON ZALUD (*Pro Hac Vice*)
LAURA E. KOGAN (*Pro Hac Vice*)
Benesch, Friedlander, Coplan & Aronoff LLP
200 Public Square, Suite 2300
Cleveland, Ohio 44114
216-363-4178 Telephone
216-363-4588 Facsimile
ezalud@beneschlaw.com
lkogan@beneschlaw.com

Josef Y. Rosen, Esq.
Florida Bar No. 112719
GrayRobinson, P.A.
401 E. Jackson Street, Suite 2700
P.O. Box 3324
Tampa, Florida 33601-3324
813-273-5000 Telephone
813- 273-5145 Facsimile
josef.rosen@gray-robinson.com

Roy S. Kobert, Esquire
Florida Bar No. 777153
GrayRobinson, P.A.
301 E. Pine Street, Suite 1400
P.O. Box 3068
Orlando, Florida 32802-3068
407- 843-8880 Telephone
407- 244-5690 Facsimile
roy.kobert@gray-robinson.com

*Attorneys for Defendant DISH Network L.L.C.*

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 20th day of July, 2021, I electronically filed the foregoing document with the Clerk of the Courts by CM/ECF. I also certify that the foregoing document is being served this date on the following counsel of record in the manner specified, either via transmission of Notice of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing:

| | |
|---|---|
| Ian R. Leavengood, Esq. <br> Michael J. Boyle, Esq <br> Philip M. Piazza, Esq <br> LEAVENLAW <br> Northeast Professional Center <br> 3900 First Street North, Suite 100 <br> St. Petersburg, FL 33703 <br> consumerservice@leavenlaw.com <br> ileavengood@leavenlaw.com <br> mboyle@leavenlaw.com <br> ppiazza@leavenlaw.com | Charles Schropp, Esq. <br> Schropp Law Firm, P.A. <br> 2309 MacDill Avenue, Suite101 <br> Tampa, FL 33609 <br> charles@schropplaw.com |

                    */s/ Eric Larson Zalud*
                    Eric Larson Zalud
                    *Attorney for Defendant DISH Network L.L.C.*