UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

LINDA MEDLEY,

      Plaintiff,

v.

Case No.: 8:16-CV-02534-CEH-TBM

DISH NETWORK L.L.C.,

      Defendant.

_____/

**DEFENDANT DISH NETWORK L.L.C.'S REPLY IN SUPPORT OF ITS MOTION *IN LIMINE* TO EXCLUDE EVIDENCE, TESTIMONY, OR ARGUMENT CONTRADICTING PLAINTIFF'S STIPULATED FACT REGARDING NON-CANCELLATION OF THE SERVICES**

In further support of its Motion *in Limine* to Exclude Evidence, Testimony, or Argument Contracting Plaintiff's Stipulated Fact Regarding Non-Cancellation of the Services (the "Motion") (Doc. 134), Defendant DISH Network L.L.C. ("DISH") states as follows.

At the threshold, Plaintiff claims that she "fully intends to honor the relevant stipulation," which governed DISH's actual knowledge that her Pause charges were valid. The stipulation establishes that Plaintiff "did not [] cancel her services." (*See* Docs. 52, 124, 133.) But the remaining portion of Plaintiff's Opposition seeks to undermine that stipulation. (Doc. 149, pp. 1-6.)

1

Plaintiff revels in hair-splitting that she can rely on her "attempted cancellation" of DISH satellite television services despite her stipulation that she "did not [] cancel her services." (Doc. 149, pp. 2-3.) Its purpose is a Trojan Horse — namely, to cause prejudice and cast confusion on the stipulated fact that Plaintiff "did not [] cancel her services." (Doc. 52, p. 2; Doc. 124, p. 2.)

Perversely, Plaintiff states "as is reflected by the stipulation, it was made **_clear_** to DISH that Plaintiff **_desired cancellation_** but simply could not afford immediate payment for cancellation." (Doc. 149, p. 4.) The stipulation does not say that. Rather, this is Plaintiff's "basis" for the stipulation. *Perry v. Alabama Beverage Control Bd.*, 786 F. App'x 204, 206 (11th Cir. 2019) (affirming district court's evidentiary ruling that "evidence of the *basis* for her dismissed claims would be unfairly prejudicial [] and potentially confusing to the jury" and prohibiting "additional evidence") (emphasis added).

The stipulation means what it says: "Plaintiff, however, could not afford to pay the early termination fees provided for under the DHA Agreement and therefore **_did not_** immediately **_cancel her services_**." (Doc. 52, p. 2; Doc. 124, p. 2.) There is simply no other meaning. Plaintiff's supposed underlying basis for the stipulation is of no significance and would undermine the stipulation.

To avoid prejudice and confusion, the jury must not be exposed to such a wide-ranging recital of facts unsupported by the actual stipulation. Indeed, Plaintiff's basis for the stipulation is prejudicial, since DISH did not stipulate to Plaintiff's "desired cancellation." (Doc. 149, p. 4.) Plaintiff's basis also casts doubt and confusion as to the stipulated fact of non-cancellation. The law forbids this gambit. *See Perry*, 786 F. App'x at 206; *Harris v. Bellsouth Telecommunications, Inc.*, No. 3:10CV49/MCR/EMT, 2012 WL 12964692, at *2 (N.D. Fla. Nov. 12, 2012) (prohibiting additional evidence because "the parties have stipulated to that fact" and the "probative value is substantially outweighed by the dangers of unfair prejudice and confusion of the issues").

Rather than finding cases involving stipulated facts and similar procedural postures, Plaintiff relies on precedent arising from distinct factual records. (Doc. 149, pp. 5-6) (citing *Washington v. Hawkins*, No. 208CV181FTM36SPC, 2011 WL 13183235 (M.D. Fla. Sept. 14, 2011)). Plaintiff's reliance on *Washington* cuts the wrong way, since the court refused to exclude testimony regarding the highly disputed "existence of probable cause." *See Washington*, 2011 WL 13183235 at *1-2. Unlike *Washington*, Plaintiff's non-cancellation of services is not disputed, and it has not been in dispute since the parties first stipulated in 2018. (*See* Docs. 52, 124, 133.) Plaintiff relies upon no pertinent authority.

Nor can Plaintiff credibly rely upon the Eleventh Circuit's ruling in support of contradicting the stipulated fact of non-cancellation of services. (Doc. 149, pp. 4-5 n. 2.) For the sake of clarity: while the Eleventh Circuit ultimately determined that this reading was legally wrong, the ***record establishes that it is clearly the one DISH believed***. The Eleventh Circuit's decision, almost six years later, on the legal validity of the debt does not change or alter DISH's ***actual knowledge*** during the relevant time.

Ultimately, the parties stipulated that Plaintiff did not cancel her services. Plaintiff's efforts to interject evidence of a "desired cancellation" undermines that stipulation, and given the stipulated fact that she did *not* cancel, has no probative value on the issue to be decided regarding DISH's actual knowledge. Therefore, misleading the jury on non-cancellation would irredeemably taint the jury and make any damage award defective. DISH requests that the Court grant the Motion. (Doc. 134.)

Dated:  September 16, 2021    */s/ Eric Larson Zalud*
ERIC LARSON ZALUD (*Pro Hac Vice*)
LAURA E. KOGAN (*Pro Hac Vice*)
Benesch, Friedlander, Coplan & Aronoff LLP
200 Public Square, Suite 2300
Cleveland, Ohio 44114
216-363-4178 Telephone
216-363-4588 Facsimile
ezalud@beneschlaw.com
lkogan@beneschlaw.com

Josef Y. Rosen, Esq.
Florida Bar No. 112719
GrayRobinson, P.A.
401 E. Jackson Street, Suite 2700
P.O. Box 3324
Tampa, Florida  33601-3324
813-273-5000 Telephone
813- 273-5145 Facsimile
josef.rosen@gray-robinson.com

Roy S. Kobert, Esquire
Florida Bar No. 777153
GrayRobinson, P.A.
301 E. Pine Street, Suite 1400
P.O. Box 3068
Orlando, Florida 32802-3068
407- 843-8880 Telephone
407- 244-5690 Facsimile
roy.kobert@gray-robinson.com

*Attorneys for Defendant DISH Network L.L.C.*

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 16th day of September, 2021, I electronically filed the foregoing document with the Clerk of the Courts by CM/ECF. I also certify that the foregoing document is being served this date on the following counsel of record in the manner specified, either via transmission of Notice of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing:

| | |
|---|---|
| Ian R. Leavengood, Esq. <br> Michael J. Boyle, Esq <br> Philip M. Piazza, Esq <br> LEAVENLAW <br> Northeast Professional Center <br> 3900 First Street North, Suite 100 <br> St. Petersburg, FL  33703 <br> consumerservice@leavenlaw.com <br> ileavengood@leavenlaw.com <br> mboyle@leavenlaw.com <br> ppiazza@leavenlaw.com | Charles Schropp, Esq. <br> Schropp Law Firm, P.A. <br> 2309 MacDill Avenue, Suite101 <br> Tampa, FL 33609 <br> charles@schropplaw.com |

                                              */s/ Eric Larson Zalud*
                                              Eric Larson Zalud
                                              *Attorney for Defendant DISH Network L.L.C.*