UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

LINDA MEDLEY,

    Plaintiff,

v.                                                           Case No: 8:16-cv-2534-CEH-CPT

DISH NETWORK, LLC,

    Defendant.
_____/

## ORDER

This matter comes before the Court on Plaintiff Linda Medley's Opposed Motion for Judicial Notice (Doc. 140). In the motion, Plaintiff requests the Court take judicial notice of the docket and pleadings in two bankruptcy cases and of certain SEC filings and further requests the Court deem the documents admissible at trial. Defendant Dish Network, LLC, filed a response in opposition. Doc. 145. The Court, having considered the motion and being fully advised in the premises, will grant in part and defer in part Plaintiff's Opposed Motion for Judicial Notice.

## DISCUSSION

Rule 201(b), Federal Rules of Evidence, allows a court to take judicial notice of "a fact that is not subject to reasonable dispute because it: (1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b). This includes "public records within its files relating to the particular case before it or

other related cases." *Cash Inn of Dade, Inc. v. Metro. Dade Cty.*, 938 F.2d 1239, 1243 (11th Cir. 1991). Additionally, the Court may take judicial notice of documents filed in another court, not for the truth of the matters asserted in the other litigation, but rather to establish the fact of such litigation and related filings. *United States v. Jones*, 29 F.3d 1549, 1553 (11th Cir. 1994). As it relates to documents filed with the Securities and Exchange Commission (SEC), the Court finds that such filings "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b)(2); *see Bryant v. Avado Brands, Inc.*, 187 F.3d 1271, 1278 (11th Cir. 1999) (holding that a court may properly take judicial notice—"for the purpose of determining what statements the documents contain and not to prove the truth of the documents' contents"—of relevant public documents required to be filed and actually filed with the SEC). Pursuant to Rule 201(c)(2), the Court "must take judicial notice if a party requests it and the court is supplied with the necessary information."

In Plaintiff's motion to take judicial notice, Plaintiff requests the Court take judicial notice of the docket and certain pleadings in the United States Bankruptcy Court, Middle District of Florida, Case Nos. 8:14-bk-05961-CPM (Plaintiff's bankruptcy case) and 6:13-bk-06817-KSJ (Doling's bankruptcy case). Doc. 140 at 1. Specifically, regarding Plaintiff's bankruptcy case, she attaches to her motion a composite exhibit consisting of the bankruptcy docket, Voluntary Petition, Notice of Chapter 7 Bankruptcy Case, Meeting of Creditors & Deadlines, Certificate of Notice for Notice of Chapter 7 Bankruptcy, Discharge of Debtor, Order approving account,

2

discharging trustee, canceling bond, and closing estate, and Certificate of Notice for Discharge of Debtor. *See* Doc. 140-1. Regarding James Doling II's bankruptcy, Plaintiff attaches to her motion a composite exhibit consisting of similar documents including the docket, petition, notices, pleadings filed by Dish Network in the bankruptcy case, and other documents. *See* Doc. 140-2. Additionally, Plaintiff seeks to have the Court take judicial notice of filings in Doling's state county court case, No. 2014-SC-000037-O (Fla. Orange County Court) against Dish Network, including the docket, Statement of Claim, Notice of Filing, and Notice of Appearance. *See* Doc. 140-3. Plaintiff attaches copies of the court filings but indicates that certified copies of the documents from the respective court clerks have been requested. Doc. 140 at 1–3, nn. 1, 2, 3. Lastly, Plaintiff seeks judicial notice of Dish's SEC 10-K filings. *See* Doc. 140-4.

  Defendant opposes the motion arguing that the notices of filings are not helpful to the question to be decided which is what Dish "actually knew." Additionally, Defendant argues the filings are irrelevant and complex. Doc. 145.

  The accuracy of the documents generated by the respective Clerks of Court and those filed with the SEC do not appear to be in dispute, and in any event, the accuracy of the documents can be readily ascertained. The motion is due to be granted to the extent that the Court will take judicial notice of the documents attached to the motion, not for the truth of the matters asserted in the other litigation or in the SEC documents, but rather to establish the fact of such litigation, and the filings in the litigation and with the SEC.

As to Plaintiff's request that the Court determine the admissibility of such documents, the Court defers ruling until closer in time to the trial. Exclusion of evidence is more appropriately raised as a motion *in limine* which Defendant did here. *See* Doc. 146. The Court deferred ruling on Defendant's motion *in limine*. *See* Doc. 170.

The Court is aware that Plaintiff has identified these documents on her exhibit list (Doc. 133-1 at 7–8), and that Defendant has objected. The Court will consider the matter of admissibility of the documents, along with the previously filed motions *in limine*, closer in time to the trial. Accordingly, it is

**ORDERED**:

1. Plaintiff's Opposed Motion for Judicial Notice (Doc. 140) is **GRANTED** in part and **DEFERRED** in part as set forth herein.

**DONE AND ORDERED** in Tampa, Florida on March 22, 2022.

Charlene Edwards Honeywell
United States District Judge

Copies to: Counsel of Record and Unrepresented Parties, if any