UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

LINDA MEDLEY,
an individual,

      Plaintiff,

v.

Case No.: 8:16-cv-02534-CEH-CPT

DISH NETWORK, LLC,
a foreign limited liability company,

      Defendant.
_____/

## OPPOSED[1] SECOND MOTION FOR JUDICIAL NOTICE

Pursuant to Federal Rule of Evidence 201, Plaintiff, Linda Medley (hereinafter, "Plaintiff" or "Medley"), by and through the undersigned counsel, hereby requests that this Court take judicial notice of this Court's docket and certain filings, United States District Court, Middle District of Florida, Case Nos. 8:16-cv-CEH-CPT.

### I.   MEDLEY'S REQUEST

Plaintiff respectfully requests this Court take judicial notice of the following documents in this case:

---

[1] Consistent with Plaintiff's 3.01g certification below, Defendant received and initially considered Plaintiff request, but has not yet advised whether it opposes Plaintiff's relief requested herein. Plaintiff will update her certification, consistent with the local rule requirements, upon receipt of Defendant's updated position regarding the same.

namely:

1. Parties' Stipulations (Doc 52; 124);

2. Eleventh Circuit Court of Appeal Order and Mandate (Doc 97 and 98);

3. Order on Parties' Motions for Summary Judgment (Doc 175);

4. Notice of Filing Defendant's Responses to Discovery (Doc 192).

## II. LEGAL STANDARDS

### A. Judicial Notice Under Federal Rule of Evidence 201

"Judicial notice is a means by which adjudicative facts not seriously open to dispute are established as true without the normal requirement of proof by evidence." *Dippin' Dots, Inc. v. Frost Bites Distr., Inc.*, 369 F.3d 1197, 1204 (11th Cir. 2004). Federal Rules of Evidence, Rule 201, governs judicial notice of such "adjudicative facts." Fed. R. Evid. 201(a). "Adjudicative facts" are facts in a particular case to which the law is applied in the process of adjudication, as opposed to "legislative facts" that are facts relevant to legal reasoning and the law-making process. Fed. R. Evid. 201 Advisory Committee Notes to subdivision (a). Judicial notice may be taken at any stage of the proceeding. Fed. R. Evid. 201(d). Further, judicial notice of a fact that is not subject to reasonable dispute because it is either (1) "generally known within the trial court's territorial jurisdiction, or (2) "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b). Rule 201 also provides that a court "must take judicial notice

2

if a party requests it and the court is supplied with the necessary information." Fed. R. Evid. 201(c)(2).

When deciding to take judicial notice of documents, such determination does not by itself determine whether such laws, cases and legal principles apply to the parties in a particular case. *David v. Kentucky Child Support Agency*, No. 8:19-CV-2591-T-36JSS, 2021 WL 2407957 (M.D. Fla. Mar. 8, 2021). Likewise, a court "may take judicial notice of public filings for the purpose of determining what statements the documents contain and not to prove the truth of the documents' contents." *Hooker v. Wilkie*, No. 8:18-CV-2000-T-36JSS, 2020 WL 335805 (M.D. Fla. Jan. 21, 2020) (internal quotations omitted. It is well within a district court's sound discretion to take judicial notice of public documents in another action, such as a complaint. *Id. citing, Univ. Express, Inc. v. United States S.E.C.*, 177 F. App'x 52, 53–54 (11th Cir. 2006) (per curiam).

### III.   ARGUMENT

#### A.   The Court Should Take Judicial Notice of Its Own Federal Court Records

This court records—items 1 through 4 above—are not subject to reasonable dispute because their accuracy cannot be questioned. A court may of course take judicial notice of its own records. *See Opteum Fin. Servs., LLC v. Kolbe*, No. 8:03-CV-355-T-17TBM, 2010 U.S. Dist. LEXIS 100813, at *6 (M.D. Fla. Sep. 22, 2010) ("The Court may take judicial notice of the Court's own records."); *Brown v. Inch,* No.

4:21-cv-281-MW-MJF, 2021 U.S. Dist. LEXIS 225198, at *12 n.4 (N.D. Fla. Nov. 4, 2021)("A court may take judicial notice of its own records. . . .")(*quoting United States v. Rey*, 811 F.2d 1453, 1457 n.5 (11th Cir. 1987)).

Accordingly, the Court should take judicial notice of items one (1) through (4) above (together with their attachments) because the documents are documents filed with this Court and their authenticity cannot thereby be questioned.

## IV.   CONCLUSION

Based on the foregoing, this Court should take judicial notice that its Court records are, in fact, the specific Court records they purport to be, and rule that they are admissible without further authentication when offered as evidence at trial.

WHEREFORE, Plaintiff requests this Honorable Court take judicial notice of the attached items one (1) through four (4) together with their attachments.

## RULE 3.01(g) CERTIFICATION

Pursuant to Local Rule 3.01(g), Plaintiff's counsel conferred with Defendant's counsel regarding the foregoing motion, and Defendant has advised it has not yet formulated an opinion on whether it opposes the relief sought herein. When Defendant updates its position, Plaintiff will update her 3.01g certification accordingly.

Dated:  November 22, 2022

             Respectfully submitted,

             **LEAVENLAW**

/s/ *Ian R. Leavengood*
**Ian R. Leavengood, Esq., FBN 010167**
**Philip M. Piazza, Esq., FBN 092961**
Northeast Professional Center
3900 First Street North, Suite 100
St. Petersburg, FL 33703
Phone:  (727) 327-3328
Fax:      (727) 327-3305
consumerservice@leavenlaw.com
*Attorneys for Plaintiff*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on November 22, 2022, a true and correct copy of the above and foregoing was electronically filed via CM/ECF which will electronically serve counsel of record:

Eric L. Zalud, Esq. (*Pro Hac Vice*)
Laura E. Kogan, Esq. (*Pro Hac Vice*)
Benesch, Friedlander, Copland & Aronoff, LLP
200 Public Square, Suite 2300
Cleveland, OH 44114
ezalud@beneschlaw.com
lkogan@beneschlaw.com
*Attorneys for Defendant*

Josef Y. Rosen, Esq.
Gray Robinson, P.A.
401 E. Jackson Street, Suite 2700
P.O. Box 3324
Tampa, FL 33601-3324
josef.rosen@gray-robinson.com
valerie.taylor@gray-robinson.com
*Attorneys for Defendant*

Roy S. Kobert, Esq.
Gray Robinson, P.A.
301 E. Pine Street, Suite 1400
P.O. Bo. 3068

Orlando, FL 32802-3068
roy.kobert@gray-robinson.com
*Attorneys for Defendant*

                                                    /s/ *Ian R. Leavengood*
                                                    Attorney