UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

LINDA MEDLEY,

    Plaintiff,

v.

DISH NETWORK L.L.C.,

    Defendant.

_____/

Case No.: 8:16-CV-02534-CEH-CPT

**DEFENDANT DISH NETWORK L.L.C.'S RESPONSE
IN PARTIAL OPPOSITION TO PLAINTIFF'S
SECOND MOTION FOR JUDICIAL NOTICE**

Defendant DISH Network L.L.C. ("DISH") hereby responds in partial opposition to Plaintiff's Second Motion for Judicial Notice (Doc. 193, "Motion").

In the Motion, Plaintiff seeks judicial notice of (1) the Stipulations (Docs. 52 & 124); (2) the Eleventh Circuit Order; (3) the Order on Summary Judgement dated March 25, 2022 (Doc. 175), but not the original Order on Summary Judgment dated August 27, 2018 (Doc. 85); and (4) Plaintiff's notice of filing DISH's discovery responses "with [its] attachments" (Docs. 192-1, 192-2, & 192-3). DISH opposes the Motion on the following grounds:

- **Discovery Responses**. It is improper to take judicial notice of discovery responses. The rule is simple: a court may take judicial notice of facts that are "not subject to reasonable dispute" and "can be accurately and readily determined from sources whose accuracy cannot reasonably be

1

questioned," and thus "***discovery responses do not fall into either category***." *Valiente v. Swift Transportation Co. of Arizona, LLC*, No. 219CV04217, 2021 WL 879106, at *2 (C.D. Cal. Jan. 22, 2021) (emphasis added); Fed. R. Evid. 201(b)(2).

- **Order on Summary Judgment**. It is improper to take judicial notice of one Order on Summary Judgment (Doc. 175) and ***not*** the other Order on Summary Judgment (Doc. 85). DISH thereby opposes taking judicial notice of the March 2022 Order and not the August 2018 Order.

DISH does not oppose judicial notice as to the Stipulations. DISH, however, reserves all rights and defenses with respect to whether such Stipulations are admissible at trial or otherwise should be provided to the Jury. Finally, DISH does not oppose judicial notice of the Eleventh Circuit Order, though again, whether the Court takes judicial notice of a document bears no relation to whether the Order is admissible at trial in any form.

I.     **RELEVANT BACKGROUND**

This lawsuit is nearly six years old, and Plaintiff can point to nothing to satisfy her "actual knowledge" burden under § 559.72(9) and § 559.72(18) of the Florida Consumer Collection Practices Act ("FCCPA"). As a result, Plaintiff has filed the pending Motion.

Before filing the Motion, on November 22, 2022, counsel for Plaintiff conferred with counsel for DISH. (*See* Exhibit A.) DISH's counsel wrote to Plaintiff's counsel and asked that any filing "***include the Court's original Order***

2

*on summary judgment (Doc. 85), which is certainly likewise part of the Court's 'own records.'"* (*Id*.) Counsel ignored this request and filed the Motion as opposed. (Doc. 193.) In the Motion, Plaintiff is seeking judicial notice of (1) the Stipulations; (2) the Eleventh Circuit Order; (3) the Order on Summary Judgment dated March 25, 2022 (Doc. 175) only; and (4) Plaintiff's notice of filing DISH's discovery responses "with [its] attachments." (Doc. 193, pp. 2 & 4.)

## II.   LAW AND ARGUMENT

Federal Rule of Evidence 201 applies to judicial notice of adjudicative facts. Fed. R. Evid. 201(a). "Adjudicative facts are facts that are relevant to a determination of the claims presented in a case." *Dippin' Dots, Inc. v. Frosty Bites Dist., LLC*, 369 F.3d 1197, 1204 (11th Cir. 2004). Judicial notice is "a highly limited process." *Id*. at 1204-05.

### A. Discovery Responses are not subject to Judicial Notice.

Discovery responses fall outside the categories of judicial notice because they are "inherently ***subject to reasonable dispute*** and do not come from sources whose accuracy cannot be reasonably questioned." *Perez v. DNC Parks & Resorts at Sequoia*, No. 119CV00484, 2020 WL 4344911, at *2 (E.D. Cal. July 29, 2020) (denying request to take judicial notice of discovery responses because "discovery responses—even party admissions—are inherently subject to

reasonable dispute and do not come from 'sources whose accuracy cannot reasonably be questioned.'") (emphasis added); *Valiente*, 2021 WL 879106 at *2 ("Defendant asks the Court to take judicial notice of its requests for admission and Plaintiffs' responses thereto. The Court may take judicial notice of facts that are 'not subject to reasonable dispute' and 'can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned.' Fed. R. Evid. 201(b)(2). Those sources generally include public records, and court records. ***Discovery responses do not fall into either category***.") (internal citations and quotations omitted) (emphasis added).

The Court should deny the invitation to take judicial notice of the discovery responses. *See Huntzinger v. Aqua Lung Am., Inc.*, No. 15-CV-1146, 2018 WL 325024, at *5 (S.D. Cal. Jan. 8, 2018) ("The Court ***declines*** to take judicial notice of any discovery responses in this litigation because they are not the proper subject of judicial notice.") (emphasis added); *Childs v. Caesars Ent. Operating Co., Inc.*, No. 2:18-CV-01869, 2019 WL 4415091, at *1 (D. Nev. Sept. 16, 2019) (ruling that plaintiff's "request for judicial notice is ***denied*** because the contents of the discovery responses are not appropriate subjects for judicial notice under Federal Rule of Evidence 201 and [plaintiff] identifies no purpose for taking notice of those responses") (emphasis added).

4

### B. If the Court takes Judicial Notice of the Requested Documents, It Should also Take Judicial Notice of its Original Order on Summary Judgment.

Obviously, the Court may take judicial notice of its own records and of Eleventh Circuit Orders as to this case. Frankly, it is even doubtful whether a party must request a court to take "judicial notice" of such records. If a request for "judicial notice" were necessary, parties would continually clog the docket—like Plaintiff does here—asking court to take "judicial notice" of its own prior orders *ad infinitum* whenever referencing something that happened earlier in a case.

But it is equally obvious that Plaintiff's request for "judicial notice" is really an attempt to cram the Eleventh Circuit's Order and this Court's later denial of the renewed motion for summary judgment as adverse "facts" for which Plaintiff seeks multiple jury instructions. (*See* Joint Proposed Jury Instructions and Verdict Forms, Dkt. 195-4, Joint Prop. Instruction No. 1, Page ID #5905 (at Pl.'s Objection 2), Pl.'s Prop. Instruction No. 5, Page ID ## 5916-20, Pl.'s Prop. Instruction No. 18, Page ID # 5947).)

This is a transparent attempt by Plaintiff to try and supplant her burden to prove what DISH actually knew in 2014 with "findings" by the Eleventh Circuit in 2020 and this Court in 2022. To the extent the Court takes "judicial notice" of

the requested documents for the ultimate purpose for which Plaintiff seeks, the Court should take judicial notice of its original Order on Summary Judgment (Doc. 85).

If Plaintiff is allowed to weaponize judicial notice to interject factual "findings" from the Eleventh Circuit in 2020 to try and prove what DISH actually knew in 2014, DISH should be able to point to contrary findings from the Court's 2018 Order to support its position of actual knowledge. That the Eleventh Circuit later reversed this Court is of no consequence, because—to the extent any of what Plaintiff seeks is admissible in the first place—it evidences the uncertainty of the law during the time period of the conduct at issue, and thus likewise speaks to the issue of DISH's (lack of) actual knowledge at the time. Failure to do so is misleading to the jury, prejudicial, unfair to DISH, and paints a lopsided and incomplete picture of the history of proceedings.

### III. CONCLUSION

For the foregoing reasons, the Court should deny Plaintiff's Motion in part.

Dated:  December 6, 2022
/s/ *Eric Larson Zalud*
ERIC LARSON ZALUD (*Pro Hac Vice*)
LAURA E. KOGAN (*Pro Hac Vice*)
Benesch, Friedlander, Coplan & Aronoff LLP
200 Public Square, Suite 2300
Cleveland, Ohio 44114
216-363-4178 Telephone
216-363-4588 Facsimile
ezalud@beneschlaw.com
lkogan@beneschlaw.com

Josef Y. Rosen, Esq.
Florida Bar No. 112719
GrayRobinson, P.A.
401 E. Jackson Street, Suite 2700
P.O. Box 3324
Tampa, Florida  33601-3324
813-273-5000 Telephone
813- 273-5145 Facsimile
josef.rosen@gray-robinson.com

Roy S. Kobert, Esquire
Florida Bar No. 777153
GrayRobinson, P.A.
301 E. Pine Street, Suite 1400
P.O. Box 3068
Orlando, Florida 32802-3068
407- 843-8880 Telephone
407- 244-5690 Facsimile
roy.kobert@gray-robinson.com

*Attorneys for Defendant DISH Network L.L.C.*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 6th day of December, 2022, I electronically filed the foregoing document with the Clerk of the Courts by CM/ECF. I also certify that the foregoing document is being served this date on the following counsel of record in the manner specified, either via transmission of Notice of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing:

| | |
|---|---|
| Ian R. Leavengood, Esq.<br>Michael J. Boyle, Esq<br>Philip M. Piazza, Esq<br>LEAVENLAW<br>Northeast Professional Center<br>3900 First Street North, Suite 100<br>St. Petersburg, FL  33703<br>consumerservice@leavenlaw.com<br>ileavengood@leavenlaw.com<br>mboyle@leavenlaw.com<br>ppiazza@leavenlaw.com | Charles Schropp, Esq.<br>Schropp Law Firm, P.A.<br>2309 MacDill Avenue, Suite101<br>Tampa, FL 33609<br>charles@schropplaw.com |

*/s/ Eric Larson Zalud*
Eric Larson Zalud
*Attorney for Defendant DISH Network L.L.C.*