UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

LINDA MEDLEY,

    Plaintiff,

v.

DISH NETWORK L.L.C.,

    Defendant.
_____/

Case No.: 8:16-cv-02534-CEH-CPT

**DEFENDANT DISH NETWORK L.L.C.'S OPPOSITION TO PLAINTIFF'S MOTION TO DETERMINE ENTITLEMENT TO ATTORNEYS' FEES**

Defendant DISH Network L.L.C. ("DISH") hereby objects to Plaintiff Linda Medley's Motion to Determine Entitlement to Attorneys' Fees and Costs (the "Motion"). (*See* Doc. 297).

As set forth below, the Court should deny Plaintiff's Motion without prejudice because it is tolled during the pendency of DISH's Renewed Motion for Judgment as a Matter of Law and Motion for Remittitur. The Court should further deny the Motion with prejudice as it relates to Plaintiff's untimely request for appellate attorney fees.

**I.     FACTUAL BACKGROUND**

Plaintiff brought this lawsuit under Sections 559.72(7), (9), and (18) of Florida's Consumer Collection Practices Act (the "FCCPA") and 47 U.S.C. § 227(b)(1)(A) of the Telephone Consumer Protection Act (the "TCPA") against

DISH. (*See* Doc. 2.) In August of 2018, the District Court granted summary judgment in favor of DISH on all counts. (*See* Doc. 85.)

Next, Plaintiff appealed the TCPA and FCCPA claims under Sections 559.72(9) and (18). Plaintiff did not appeal Section 559.72(7). On appeal, the Eleventh Circuit affirmed this Court's Order granting summary judgment in favor of DISH under the TCPA, but remanded Plaintiff's claims under the FCCPA. *Medley v. Dish Network, LLC*, 958 F.3d 1063, 1069 (11th Cir. 2020).

On remand, the case progressed to trial rendering a verdict in favor of DISH on Section 559.72(9) and a verdict in favor of Plaintiff on Section 559.72(18). (*See* Doc. 283.) Since Plaintiff filed her Motion, DISH filed a Renewed Motion for Judgment as a Matter of Law (Doc. 284) and Motion for Remittitur (Doc. 285).

## II.  LAW AND ARGUMENT

Although Plaintiff's Motion is timely according to the plain language of Local Rule 7.01(b), the "filing of a timely motion under Rule 50(b) [] or 59 suspends the finality of the judgment" in a lawsuit. *McNair v. Campbell*, 315 F. Supp. 2d 1179, 1181 (M.D. Ala. 2004).

Courts have held that the time for a party's motion for attorney fees is tolled by the filing of post-trial motions, including those under Federal Rules of Civil procedure 50 and 59, and the proper time for determining a party's entitlement to attorney's fees is *after* the determination Rule 50 and 59 motions. *Radtke v.*

*Caschetta*, 822 F.3d 571, 573-74 (D.C. Cir. 2016) ("[A]fter partially granting a motion under Rule 59, the lower court entered an amended judgment [] well after appellants filed their fee petition" triggering a "new period for filing a fee petition."); *CX Reinsurance Co. Ltd. v. Johnson*, 977 F.3d 306, 314 (4th Cir. 2020) (discussing date of the "entry of judgment" is extended until the district court disposes of a timely filed motion under Rule 59"); *Miltimore Sales, Inc. v. Int'l Rectifier, Inc.*, 412 F.3d 685, 687 (6th Cir. 2005) ("The question in this case is simple: Is a motion for attorney fees under Rule 54(d)(2)(B) timely if filed within fourteen days of the district court's denial of a timely filed Rule 59(e) motion? The answer is also relatively simple: Yes."). Indeed, in this early posture with pending post-trial motions, the Court should toll the Motion and deny without prejudice.

In addition to the Motion being tolled, Plaintiff cannot recover for attorney fees on her claims under the TCPA or Sections 559.72(7) and (9) of the FCCPA. *See e.g., Figueroa Polanco v. Igor & Co.*, No. 18-CV-60932, 2022 WL 198810, at *2 (S.D. Fla. Jan. 3, 2022), *report and recommendation adopted sub nom.* 2022 WL 196303 (S.D. Fla. Jan. 21, 2022) ("While Florida's civil theft statute also provides for an award of reasonable attorney's fees, Plaintiff did not prevail on his civil theft claim" and thus "not entitled to an award of attorney's fees for the hours expended prosecuting the civil theft claim.").

Nor is Plaintiff entitled to the appellate attorney fees requested in the Motion, as the appropriate time for this request expired over two years ago. Eleventh Circuit Rule 39-2, which Plaintiff acknowledges is the governing rule, provides "an application for attorney's fees must be filed with the [Eleventh Circuit Court of Appeals] clerk within 14 days after the time to file a petition for rehearing or rehearing en banc expires, or within 14 days after entry of an order disposing of a timely petition for rehearing or denying a timely petition for rehearing en banc, whichever is later." *See LeFrock v. Walgreen Co.*, No. 8:13-CV-2196-T-17TBM, 2017 WL 914706, at *4 (M.D. Fla. Mar. 8, 2017) (quoting 11th Cir. R. 39-2(a)). The proper time to file a petition for rehearing or rehearing en banc in the Eleventh Circuit is within 21 days of the date of filing of the opinion, which in this case was May 1, 2020. *See Medley v. Dish Network, LLC*, 958 F.3d 1063 (11th Cir. 2020).

Here, Plaintiff needed to file her motion for appellate attorney's fees no later than Friday, June 5, 2020. Consequently, Plaintiff's Motion is untimely as it relates to the appellate attorney's fees, and thus should be denied.

### III. CONCLUSION

For the foregoing reasons, the Court should deny Plaintiff's Motion without prejudice because it is tolled during the pendency of DISH's Renewed Motion for Judgment as a Matter of Law and Motion for Remittitur. The Court should further

deny the Motion with prejudice as it relates to Plaintiff's untimely request for appellate attorney fees.

Dated:  February 27, 2023 		/s/ Eric Larson Zalud
ERIC LARSON ZALUD (*Pro Hac Vice*)
DAVID M. KRUEGER (*Pro Hac Vice*)
LAURA E. KOGAN (*Pro Hac Vice*)
Benesch, Friedlander, Coplan & Aronoff LLP
200 Public Square, Suite 2300
Cleveland, Ohio 44114
216-363-4178 Telephone
216-363-4588 Facsimile
ezalud@beneschlaw.com
dkrueger@beneschlaw.com
lkogan@beneschlaw.com

Josef Y. Rosen, Esq.
Florida Bar No. 112719
GrayRobinson, P.A.
401 E. Jackson Street, Suite 2700
P.O. Box 3324
Tampa, Florida  33601-3324
813-273-5000 Telephone
813- 273-5145 Facsimile
josef.rosen@gray-robinson.com

Roy S. Kobert, Esquire
Florida Bar No. 777153
GrayRobinson, P.A.
301 E. Pine Street, Suite 1400
P.O. Box 3068
Orlando, Florida 32802-3068
407- 843-8880 Telephone
407- 244-5690 Facsimile
roy.kobert@gray-robinson.com

*Attorneys for Defendant DISH Network L.L.C.*

## CERTIFICATE OF SERVICE

I hereby certify that on this 27th day of February, 2023, I electronically filed the foregoing document with the Clerk of the Courts by CM/ECF.  I also certify that the foregoing document is being served this date on the following counsel of record in the manner specified, either via transmission of Notice of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing:

| | |
|---|---|
| Ian R. Leavengood, Esq.<br>Michael J. Boyle, Esq<br>Philip M. Piazza, Esq<br>LEAVENLAW<br>Northeast Professional Center<br>3900 First Street North, Suite 100<br>St. Petersburg, FL  33703<br>consumerservice@leavenlaw.com<br>ileavengood@leavenlaw.com<br>mboyle@leavenlaw.com<br>ppiazza@leavenlaw.com | Charles Schropp, Esq.<br>Schropp Law Firm, P.A.<br>2309 MacDill Avenue, Suite101<br>Tampa, FL 33609<br>charles@schropplaw.com |

*/s/ Eric Larson Zalud*
Eric Larson Zalud
*Attorney for Defendant DISH Network L.L.C.*