UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

LINDA MEDLEY,

    Plaintiff,

v.

                              Case No.: 8:16-cv-02534-CEH-CPT

DISH NETWORK L.L.C.,

    Defendant.
_____/

## DEFENDANT DISH NETWORK L.L.C.'S
## OPPOSITION TO PLAINTIFF'S BILL OF COSTS

Defendant DISH Network L.L.C. ("DISH") hereby files its objections to Plaintiff's Bill of Costs. (Doc. 298). For the reasons given herein, the Bill of Costs violates 28 U.S.C. § 1920, Court Order, and "Special Note" form requirement; it should be denied.

DISH objects to Plaintiff's claim for travel costs for depositions ($686.09); costs for mediation services ($1,652); costs for service of subpoena for private process server and Federal Express charges, including expedited service charges ($912.23); costs for trial-related office supplies and trial binders ($1,225.10); costs for expedited trial transcripts ($436.50); and miscellaneous appellate costs ($2,442.08). DISH further objects to Plaintiff's requested costs in its entirety

($10,679.45) on the ground that Plaintiff did not attach "an itemization and documentation for requested costs" as required on the Court's Bill of Costs form.[1]

## I.     STATEMENT OF RELEVANT FACTS

On January 31, 2023, the Court entered Judgment in a Civil Case after a trial by jury. (Doc. 288.) The jury rendered a verdict in favor of DISH on Section 559.72(9) and a verdict in favor of Plaintiff on Section 559.72(18). (*See* Doc. 283.)

On February 13, 2023, Plaintiff filed her Bill of Costs. In her Bill of Costs, Plaintiff requested that the Clerk tax costs in the amount of $10,679.45.

| Fees of the Clerk | $929.35 |
|---|---|
| Fees for service of summons and subpoena | $670.00 |
| Fees for printed or electronically recorded transcripts necessarily obtained for use in the case | $2,832.60 |
| Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case | $2,497.01 |
| Other costs | $3,750.49 |
| Total | $10,679.45 |

---

[1] Defendant also opposes Plaintiff's Bill of Costs because Plaintiff may yet not prevail on its Count II. Simultaneously with this Opposition, Defendant is filing a Renewed Motion for Judgment as a Matter of Law regarding Count II, which demonstrates why Defendant – not Plaintiff – should be the prevailing party on that claim. Because the "filing of a timely motion under Rule 50(b) … suspends the finality of the judgment" in a lawsuit, Plaintiff's Bill of Costs should be denied in full at this time. *See McNair v. Campbell*, 315 F. Supp. 2d 1179, 1181 (M.D. Ala. 2004).

2

## II. STANDARD FOR TAXING COSTS

A "prevailing party is not entitled to recover every expense actually incurred in the course of litigation." *Peeler v. KVH Indus.*, No. 8:12-cv-1584-T-33TGW, 2014 U.S. Dist. LEXIS 81540, at *22 (M.D. Fla. June 16, 2014). Instead, in "28 U.S.C. § 1920, Congress has expounded on the costs recoverable under Rule 54(d), and the Court has no discretion to award those costs not enumerated in the statute." *Id*. (internal quotations omitted). Section 1920 provides that a judge or clerk may tax as costs:

> (1) Fees of the clerk and marshal;
>
> (2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;
>
> (3) Fees and disbursements for printing and witnesses;
>
> (4) Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case;
>
> (5) Docket fees under section 1923 of this title;
>
> (6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

*See* 28 U.S.C. § 1920(1)-(6).

In "seeking the taxation of costs, the prevailing party bears the burden of tendering adequate evidence to enable a court to determine the specific costs incurred by the party and in what amounts." *RLI Ins. Co. v. Coastline Title of*

*Pinellas, LLC*, No. 8:20-CV-786-KKM-CPT, 2022 WL 2318076, at *2 (M.D. Fla. Apr. 13, 2022), report and recommendation adopted, No. 8:20-CV-0786-KKM-CPT, 2022 WL 2317975 (M.D. Fla. May 2, 2022).

### III. LAW AND ARGUMENT

#### A. Plaintiff Cannot Recover for Travel Costs for Depositions.

Plaintiff requested that the Clerk tax travel costs in the amount of $686.09 for depositions. (*See* Doc. 298.)

| Description of Disputed Costs | Amount Disputed | Reason for Dispute |
|---|---|---|
| 03/6-7/2018 Air Travel Tampa, FL to Denver, Colorado | $300.60 | Travel for discovery depositions |
| 03/06/2018 Taxi-Denver, Colorado | $84.55 | Travel for discovery depositions |
| 03/6-7/2018 Tampa Airport Parking | $36.00 | Travel for discovery depositions |
| 03/07/2018 Uber travel to Denver Airport | $48.48 | Travel for discovery depositions |
| 03/6-7/2018 Travel-Warwick Denver Hotel | $216.46 | Travel for discovery depositions |

These costs are not recoverable because Section "1920 does not mention taxing as costs travel expenses incurred by attorneys incident to taking depositions." *Reyher v. Equitable Life Assurance Soc'y of U.S.*, No. 91-84-CIV-FTM-17D, 1996 WL 89359, at *3 (M.D. Fla. Feb. 21, 1996), *aff'd sub nom. Reyher v. Equitable Life Assur.*, 108 F.3d 342 (11th Cir. 1997); *Alicea v. Mallard*, No. 6:16-CV-1327-ORL-31DCI, 2018 WL 6928443, at *9 (M.D. Fla. Nov. 14,

4

2018), report and recommendation adopted, 2019 WL 93341 (M.D. Fla. Jan. 3, 2019) (holding "counsel's travel expenses for [a] deposition" is not "recoverable under 28 U.S.C. 1920").

## B. Plaintiff Cannot Recover for Costs Related to Mediation Services.

Plaintiff requested that the Clerk tax cost related to mediation services in the amount of $1,652. (*See* Doc. 298.)

| Description of Disputed Costs | Amount Disputed | Reason for Dispute |
|---|---|---|
| 10/13/2017 Mediation Services | $300.00 | Mediation services |
| 04/15/2021 Mediation Services; Plaintiff's share of cost | $560.00 | Mediation services |
| 01/06/2023 Mediation Services; Plaintiff's share of cost | $792.00 | Mediation services |

Simply put, these costs "are not recoverable" because "Section 1920 makes no reference to mediation costs." *Williams v. H. Lee Moffitt Cancer Ctr. & Rsch. Inst., Inc.*, No. 8:09-CV-784-T-33TGW, 2011 WL 2160550, at *1 (M.D. Fla. June 1, 2011); *Van Voorhis v. Hillsborough Bd. of Cnty. Comm'rs*, No. 806-CV-1171-T-TBM, 2008 WL 2790244, at *4 (M.D. Fla. July 18, 2008) ("Despite the fact that mediation is often court ordered, § 1920 does not contemplate the costs of mediation. Of the circuits that have squarely addressed whether mediation costs may be taxable under § 1920, all have held that they are not.").

Further, the Court's Case Management further prohibits the recovery of mediation costs: "Unless altered by order of the Court, the ***cost of the mediator's services shall be borne equally by the parties to the mediation conference.***" (*See* Doc. 14, pp. 10-11) (emphasis added).

### C. Plaintiff Cannot Recover for Service of Subpoena by Private Process Server and Federal Express Charges.

Plaintiff requested that the Clerk tax cost for service of subpoena by private process server and Federal Express charges in the amount of $912.23. (*See* Doc. 298.)

| Description of Disputed Costs | Amount Disputed | Reason for Dispute |
|---|---|---|
| 12/20/2018 FedEx delivery to Court of Appeals; FedEx delivery to Court of Appeals | $242.23 | FedEx Charges |
| 07/09/2021 S. Picchione Trial Subpoena service | $204.00 | Process Server Fees |
| 07/15/2021 Singleton Trial Service | $59.00 | Process Server Fees |
| 07/09/2021 J. Montano Trial Subpoena Service | $155.00 | Process Server Fees |
| 01/23/2023 Trial Subpoena Service | $87.00 | Process Server Fees |
| 01/23/2023 Trial Subpoena Service | $90.00 | Process Server Fees |
| 01/11/2023 Trial Subpoena Service | $75.00 | Process Server Fees |

The subpoena service costs are not recoverable because these costs were submitted "without information on the time expended." *Ramirez v. Scottsdale Ins.*

*Co.*, No. 1:20-CV-22326-KMM, 2022 WL 213814, at *2 n. 3 (S.D. Fla. Jan. 25, 2022) ("Magistrate Judge Louis observed that defendant provides only a single invoice that includes a line item for $102.00 for expedited service without information on the time expended by Defendant's private process server," and thus recommended charging the "hour rate for service of process charged by the United States Marshals Service."); *Morris v. Paradise of Port Richey, Inc.*, No. 8:07-CV-845-T-27TBM, 2009 WL 10708013, at *1 (M.D. Fla. June 1, 2009) (holding to "limit[] the amount awarded for the service of subpoenas to the minimum rate charged by the U.S. Marshals Service"). Likewise, Plaintiff cannot recover for the "Expedited (Rush) Process Service" fees associated with the 07/09/2021 S. Picchione Trial Subpoena service and 07/09/2021 J. Montano Trial Subpoena Service. *See Embroidme.com, Inc. v. Travelers Prop. Cas. Co. of Am.*, No. 12-81250-CIV, 2014 WL 5325211, at *3-4 (S.D. Fla. Aug. 20, 2014) (finding a party "should not, however, be permitted to recover any 'rush fees' or 'same day rush fees' [for the delivery of subpoenas] as there is no evidence before the Court that such fees were necessary.").

Further, Plaintiff's Federal Express charges are not recoverable because Section "1920 makes no provision for postal, let alone Federal Express." *Home Assur. Co. v. The Phineas Corp.*, No. 8:02-CV-736-T-26EAJ, 2004 WL 3142554, at *2 (M.D. Fla. Sept. 17, 2004) (denying recovery of "taxation of any costs

showing 'Federal Express'"); *Cuban Museum of Arts & Culture, Inc. v. City of Miami*, 771 F. Supp. 1190, 1193 (S.D. Fla. 1991) (same).

### D. Plaintiff Cannot Recover for Trial Binders or Miscellaneous Office Supplies Related to Trial Binders.

Plaintiff requested that the Clerk tax cost for office supplies related to trial binders in the amount of $1,225.10. (*See* Doc. 298.)

| Description of Disputed Costs | Amount Disputed | Reason for Dispute |
|---|---|---|
| Trial Binder printouts | $140.25 | Office Supplies/Binders |
| 01/19/2023 Amazon orders for trial supplies, tabs, three ring binders, multicolor tabs customized table of contents | $274.96 | Office Supplies/Binders |
| 01/19-22/2023 Office Depot/ OfficeMax purchases of office supplies for trial-binders, dividers, indexes, and table of contents | $275.83 | Office Supplies/Binders |
| Printouts for trial binders | $116.00 | Office Supplies/Binders |
| Joint binders | $160.66 | Office Suppliers/Binders |
| Copies for Trial Binders | $171.00 | Office Supplies/Binders |
| Copies for Trial Binders | $86.40 | Office Supplies/Binders |

Simply put, "trial binders are not recoverable under § 1920." *Admore v. Hospice of Palm Beach Cty., Inc.*, No. 21-80047-CV-BER, 2022 U.S. Dist. LEXIS 176427, at *14 (S.D. Fla. Sep. 28, 2022); *Watson v. Lake Cnty.*, 492 F. App'x 991, 997 (11th Cir. 2012) ("The district court did abuse its discretion in taxing costs for [] binders, tabs, and technical labor.") (internal quotations omitted).

8

### E. Plaintiff Cannot Recover for Expedited Trial Transcripts.

Plaintiff requested that the Clerk tax cost for expedited delivery of trial testimony transcripts. (*See* Doc. 298.)

| Description of Disputed Costs | Amount Disputed | Reason for Dispute |
|---|---|---|
| 02/03/2023 Invoice 20230008 for "Trial testimony had on the dates of 1/23/23 p.m. session; 1/24/23 p.m. session; 1/25/23 p.m. session and 1/26/23 session." This is charged as "Expedited." | $436.50 | Expedited |

Plaintiff is not permitted to recover the expedited delivery cost because "fees for expedited [] transcripts [] are not reimbursable under § 1920." *Embroidme.com*, 2014 WL 5325211, at *4 (S.D. Fla. Aug. 20, 2014); *Lawton-Davis v. State Farm Mut. Auto. Ins. Co.*, No. 614CV1157ORL37DCI, 2017 WL 1968337, at *3 (M.D. Fla. Apr. 26, 2017), *report and recommendation adopted*, No. 614CV1157ORL37DCI, 2017 WL 1957119 (M.D. Fla. May 11, 2017) (denying recovery for "costs related to expedited delivery of transcripts [] and unedited (rush) transcripts"); *Glasser v. Hilton Grand Vacations Co., LLC*, No. 8:16-CV-952-T-27AAS, 2018 WL 5312025, at *1 (M.D. Fla. Oct. 26, 2018) (same).

### F. Plaintiff Cannot Recover for Appellate Costs.

Plaintiff requests that the Clerk tax costs related to its appeal ($2442.08). (*See* Doc. 298.)

9

| Description of Disputed Costs | Amount Disputed | Reason for Dispute |
|---|---|---|
| Appeal Filing Fee Fees of Clerk (11CCA) | $ 505.00 | Appellate Costs |
| Appendix | $588.50 | Appellate Costs |
| Initial Brief (9 sets) | $143.49 | Appellate Costs |
| Printouts Appendix, add'l copies | $436.86 | Appellate Costs |
| Office Supplies Appendix | $164.73 | Appellate Costs |
| Copies, Reply Brief | $82.50 | Appellate Costs |
| Appellate Binder Materials Supplies | $43.24 | Appellate Costs |
| Appendix Labels Supplies | $121.95 | Appellate Costs |
| Appendix (3 Add'l Copies; oral argument) | $732.01 | Appellate Costs |
| Hotel (Jax) 11CCA Oral Argument | $128.80 | Appellate Costs |

Plaintiff's request must be denied because the Eleventh Circuit Court of Appeals did not issue a Bill of Costs in its Mandate. The Eleventh Circuit's Mandate following the appeal simply stated that "Costs are governed by FRAP 39 and 11th Cir.R. 39-1." (*See* Doc. 97.) Federal Rule of Appellate Procedure 39(a) prescribes who will be charged with costs (unless otherwise ordered):

> (1) if an appeal is dismissed, costs are taxed against the appellant, unless the parties agree otherwise;
>
> (2) if a judgment is affirmed, costs are taxed against the appellant;
>
> (3) if a judgment is reversed, costs are taxed against the appellee;
>
> (4) if a judgment is affirmed in part, reversed in part, modified, or vacated, costs are taxed ***only as the court orders***.

Fed. R. App. P. 39(a) (emphasis added).

10

In this case, the Eleventh Circuit's Order affirmed in part and reversed in part the judgment. (Doc. 97.) Thus, for Plaintiff's costs to be recoverable, the Eleventh Circuit must issue a Bill of Costs with its Mandate. *See, e.g., Maiden Specialty Ins. Co. v. Chefs*, No. 12-22724-CIV, 2016 WL 3189893, at *2 (S.D. Fla. Feb. 18, 2016), *report and recommendation adopted*, No. 12-22724-CIV, 2016 WL 3189897 (S.D. Fla. Mar. 14, 2016), *aff'd*, 604 F. App'x 920 (11th Cir. 2015). The Eleventh Circuit did not do so. (*See* Doc. 97-98.)

Consequently, when the "appellate court fails to explicitly grant a class of costs, that silence is a rejection of those costs." *Essex Ins. Co. v. Zota*, No. 04-60619-CIV, 2008 WL 11333322, at *1-2 (S.D. Fla. Dec. 3, 2008), citing *Golden Door Jewelry Creations, Inc. v. Lloyds Underwriters Non-Marine Association*, 117 F.3d 1328, 1340 (11th Cir. 1997). As a result, Plaintiff's request for taxation of miscellaneous costs associates with her appeal must be denied.

## IV.  **CONCLUSION**

For the foregoing reasons, DISH objects to Plaintiff's Bill of Costs for travel costs for deposition ($686.09); costs for mediation services ($1,652); costs for service of subpoena for private process server and Federal Express charges, including expedited service charges ($912.23); costs for trial-related office supplies such as trial binders ($1,225.10); costs for expedited trial transcripts ($436.50); and miscellaneous appellate costs ($2,442.08).

Dated:  February 27, 2023   /s/ Eric Larson Zalud
ERIC LARSON ZALUD (*Pro Hac Vice*)
DAVID M. KRUEGER (*Pro Hac Vice*)
LAURA E. KOGAN (*Pro Hac Vice*)
Benesch, Friedlander, Coplan & Aronoff LLP
200 Public Square, Suite 2300
Cleveland, Ohio 44114
216-363-4178 Telephone
216-363-4588 Facsimile
ezalud@beneschlaw.com
dkrueger@beneschlaw.com
lkogan@beneschlaw.com

Josef Y. Rosen, Esq.
Florida Bar No. 112719
GrayRobinson, P.A.
401 E. Jackson Street, Suite 2700
P.O. Box 3324
Tampa, Florida  33601-3324
813-273-5000 Telephone
813- 273-5145 Facsimile
josef.rosen@gray-robinson.com

Roy S. Kobert, Esquire
Florida Bar No. 777153
GrayRobinson, P.A.
301 E. Pine Street, Suite 1400
P.O. Box 3068
Orlando, Florida 32802-3068
407- 843-8880 Telephone
407- 244-5690 Facsimile
roy.kobert@gray-robinson.com

*Attorneys for Defendant DISH Network L.L.C.*

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 27th day of February, 2023, I electronically filed the foregoing document with the Clerk of the Courts by CM/ECF. I also certify that the foregoing document is being served this date on the following counsel of record in the manner specified, either via transmission of Notice of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing:

| | |
|---|---|
| Ian R. Leavengood, Esq. <br> Michael J. Boyle, Esq <br> Philip M. Piazza, Esq <br> LEAVENLAW <br> Northeast Professional Center <br> 3900 First Street North, Suite 100 <br> St. Petersburg, FL 33703 <br> consumerservice@leavenlaw.com <br> ileavengood@leavenlaw.com <br> mboyle@leavenlaw.com <br> ppiazza@leavenlaw.com | Charles Schropp, Esq. <br> Schropp Law Firm, P.A. <br> 2309 MacDill Avenue, Suite101 <br> Tampa, FL 33609 <br> charles@schropplaw.com |

/s/ Eric Larson Zalud
Eric Larson Zalud
*Attorney for Defendant DISH Network L.L.C.*